IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DAVID DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER H.<br>SWAIN, et al.,<br><br>    Defendants. | No. C 04-0536 JSW (PR)<br><br>**Order (1) Finding First Amendment Claim Cognizable; (2) Staying Service; (3) Dismissing Retaliation and Due Process Claims; and (4) Dismissing Access to Courts Claim with Leave to Amend** |

    Plaintiff, a prisoner of the State of California incarcerated at San Quentin State Prison, filed this civil rights complaint seeking leave to proceed in forma pauperis. This claim was initially filed on September 30, 2003 as part of a civil rights complaint, Docket No. C-03-4412 JSW (PR), which contained four unrelated claims. The Court severed and dismissed those claims without prejudice on January 13, 2004. Plaintiff filed a complaint on February 9, 2004. On June 8, 2004, the Court dismissed the complaint with leave to amend certain claims. Plaintiff filed the Amended Complaint on August 2, 2004 (docket no. 7). In this order, the Court reviews Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and finds cognizable his claim that Defendants violated his First Amendment right to receive mail. The Court dismisses with leave to amend Plaintiff's claim that Defendant Swain interfered with Plaintiff's legal correspondence with counsel in violation of his right to access to the courts. All other claims are dismissed. Service of the Amended Complaint is stayed pending further amendment of the complaint.

**STATEMENT OF FACTS**

In the Amended Complaint, Plaintiff alleges fifteen causes of action. In the first two claims, Plaintiff alleges that Correctional Officer Swain filed an institutional Serious Rules Violation Report against Plaintiff in retaliation for Plaintiff's formal grievance against Swain. (Am. Compl., ¶¶ 12-16.) In claims three through five, Plaintiff alleges that Senior Hearing Officer Chacon excluded witnesses and exculpatory evidence at the hearing on the Rules Violation Report against Plaintiff, *id.*, ¶¶ 20-30.

In claims six through eight, Plaintiff alleges that Swain has failed to follow proper procedure in distributing the mail and has repeatedly delivered Plaintiff's mail to other inmates, *id.*, ¶¶ 37-56. Plaintiff also contends that attorneys did not receive his legal correspondence, which had been given to Swain for processing, *id.*, ¶ 49. In claims nine through twelve, Plaintiff alleges that supervisory officers Chacon, Frates, Whitson and Leeds ignored Plaintiff's complaints about Swain's retaliation against Plaintiff and failure to distribute mail pursuant to proper procedure, *id.*, 63-82. Plaintiff also complains about Nan Grannis, Chief of Inmate Appeals, who denied his grievance about his missing mail, *id.*, ¶ 67-68.

In the thirteenth through fifteenth claims, Plaintiff alleges that in September 2003, he submitted a formal grievance about problems with his outgoing mail, *id.*, ¶¶ 91-95. Plaintiff further alleges that, in September 2003, Plaintiff's toilet needed manual flushing because of plumbing problems, and that Swain refused to put Plaintiff's cell on the service list, forcing Plaintiff to live in a cell for three days without flushing the toilet, *id.*, ¶¶ 96-98. Plaintiff further alleges that he filed a formal grievance against Swain, and that Swain retaliated two days afterward by filing a Rules Violation Report against Plaintiff for refusal to stand for count, *id.,* ¶¶ 99-102.

Plaintiff seeks injunctive relief and damages.

**DISCUSSION**

I. **Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.,* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II. **Legal Claims**

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to

correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

### A. Retaliation Claim

Plaintiff alleges that Defendant Swain retaliated against Plaintiff for filing a grievance by filing disciplinary reports against him or by delivering Plaintiff's mail to other inmates. Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). A prisoner suing prison officials under §1983 for retaliation must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, *i.e.*, "after this, therefore because of this"). He also must allege that the defendants' actions caused him some injury. *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (holding that a retaliation claim is not actionable unless there is an allegation of harm).

#### 1. Rules Violation Report

Plaintiff has been given an opportunity to amend his complaint, but fails to establish these essential elements of a retaliation claim in his first and second causes of action. Plaintiff alleges that Swain's filing of Serious Rules Violation Reports denied Plaintiff of his First Amendment right to file institutional grievances for staff misconduct, but does not sufficiently allege that Plaintiff's protected speech was a

4

substantial or motivating factor for the alleged retaliation, or that there was no legitimate penological interest. In Claims One and Two, Plaintiff alleges that six days after Plaintiff filed a grievance against Swain for a verbal altercation, Swain filed a Rules Violation Report alleging that Plaintiff flooded his cell. (Am. Compl., ¶¶ 13-15.) Plaintiff does not allege, however, how Swain's report on the flooding did not advance any institutional interest in maintaining order at the prison. "The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Pratt*, 65 F.3d at 806. Plaintiff has not sufficiently alleged a retaliation claim. The first and second causes of action are therefore DISMISSED WITH PREJUDICE.

### 2. Improper Mail Delivery

In Claims Six, Seven and Eight, Plaintiff alleges that Swain retaliated against him by deliberately delivering his mail to other inmates continuously from February 19, 2002. (Am. Compl., ¶¶ 37-62.) Plaintiff further alleges that "at least fifteen (15) other inmates" were willing to testify that Swain "had in fact been distributing other incoming inmate mail to the wrong inmates." *Id.*, ¶ 51. Even assuming the allegations to be true, such ongoing, widespread misconduct does not establish a connection between Plaintiff's protected speech and Defendant's alleged retaliatory conduct. *See Pratt*, 65 F.3d at 808. The allegations do, however, state a cognizable claim for First Amendment violations, as discussed below. *See* Section II.B. The retaliation claims against Swain in the Sixth, Seventh and Eighth Causes of Action are therefore DISMISSED WITH PREJUDICE.

### 3. Toilet Maintenance

In Claims Thirteen, Fourteen and Fifteen, Plaintiff alleges that Swain refused to order manual flushing on the toilet in Plaintiff's cell for three days in retaliation for Plaintiff's formal grievance, submitted on September 16, 2003, concerning outgoing mail that was being returned to Plaintiff "for no apparent reason." (Am. Compl., ¶¶ 91-112.)

Plaintiff alleges that the stench from the toilet made it "unbearable to breath, much less live." *Id.*, ¶ 98. Plaintiff has not alleged, however, how his grievance about outgoing mail would be a motivating factor for Defendant Swain to retaliate. Plaintiff suggests that Swain might have been involved with the returned mail because he "smirked" when Plaintiff asked him about it, *id.*, ¶ 95, but Plaintiff does not allege that his grievance was filed against Swain or would otherwise motivate Swain to retaliate.

Plaintiff further alleges that on September 23, 2003, he wrote a grievance against Swain for his refusal to order Plaintiff's toilet to be flushed. Plaintiff alleges that, in retaliation, Swain filed a Serious Rules Violation Report against Plaintiff for refusing to stand for count on September 23, 2003. *Id.*, ¶ 100. However, refusal to stand for count implicates a legitimate concern for prison officials, and Plaintiff does not allege that Swain's report failed to advance any legitimate penological interest. Accordingly, the Thirteenth, Fourteenth and Fifteenth Causes of Action are DISMISSED WITH PREJUDICE.

### B. First Amendment Claims Regarding Plaintiff's Non-Legal Mail

In the Sixth Cause of Action, Plaintiff alleges that Defendant Swain deliberately failed to follow institutional procedures for mail distribution, in violation of his First Amendment rights. (Am. Compl., ¶¶ 53-62.) Liberally construed, these allegations present a cognizable claim for the violation of Plaintiff's constitutional right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).

### C. Interference with Plaintiff's Legal Mail

Plaintiff alleges that he was corresponding with counsel and gave Defendant Swain his legal correspondence for mailing, and that these attorneys were not receiving the legal correspondence from Plaintiff, alleging a violation of his right of access to the courts and to counsel in claims seven and eight. (Am. Compl., ¶¶ 49, 59-62.)

6

The opportunity to communicate with counsel is an important part of meaningful access to the courts. *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1989). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue **a non-frivolous claim concerning his conviction or conditions of confinement**. *See Lewis*, 518 U.S. at 354-55.

"Actual injury" is defined as a "specific instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). In other words, plaintiff must be able to show that he was actually injured by the denial of access; mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. *Sands*, 886 F.2d at 1171. The Amended Complaint does not sufficiently allege that Defendant's actions caused such an injury. The Court hereby grants Plaintiff the opportunity to AMEND his complaint to cure those deficiencies, if he can do so in good faith. Therefore, the claims against Defendant Swain of interference with the right of access to the courts are DISMISSED WITH LEAVE TO AMEND.

**D.     Due Process**

In claims three, four and five, Plaintiff alleges that on February 22 and March 2, 2002, he appeared before Defendant Chacon for hearing on the Rules Violation Report filed by Defendant Swain concerning Plaintiff's flooded cell. (Am. Compl., ¶ 20.) Plaintiff alleges that Chacon denied his request for an investigative employee and to present witnesses at the hearing. *Id.*, ¶¶ 24-26. Plaintiff alleges that he was found guilty and given 10 days confined to quarters. *Id.*, ¶ 27. Plaintiff alleges that Chacon told him

that he had no right to appeal the decision and would be confined for another ten days if he filed an appeal. *Id.*, ¶ 28. Plaintiff alleges that he filed an appeal of Chacon's decision, and was confined to quarters for an additional five days pursuant to Chacon's orders. *Id.*, ¶ 30.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to certain procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). Therefore, allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation suffered is one of "real substance" as defined in *Sandin*.

Plaintiff alleges that Chacon's denial of certain witnesses at Plaintiff's disciplinary proceeding, and the alleged threat against Plaintiff's appeal, violated due process because he suffered confinement to quarters upon a guilty finding. Absent an actual deprivation of real substance, however, this court finds no constitutionally cognizable claim. Confinement to quarters does not amount to such a significant deprivation and does not implicate a constitutional liberty interest. *Cf., e.g., Sandin,* 515

U.S. at 485-86 (inmate's thirty-day placement in disciplinary segregation, where conditions mirrored conditions imposed upon inmates in administrative segregation and protective custody, did not result in type of atypical, significant deprivation for which state might create liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation insufficient to state due process claim); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (despite prior case law determining disciplinary regulations created liberty interest, under *Sandin* no liberty interest when inmate placed in disciplinary segregation for fourteen days). Plaintiff fails to state a cognizable due process claim. The Third, Fourth and Fifth Causes of Action are therefore DISMISSED WITH PREJUDICE.

### E.  Supervisorial Liability

In claims nine, ten, eleven and twelve, Plaintiff alleges that Swain's supervisors, Defendants Chacon, Frates, Leeds, and Whitson, allowed Swain to continue to retaliate against Plaintiff for filing institutional grievances by improperly delivering the mail. (Am. Compl., ¶¶ 63-90.) Plaintiff alleges that he sent notes concerning Swain's improper mail distribution to Lieutenants Chacon and Frates, and Sergeants Whitson and Leeds. Plaintiff further alleges that he was given a face to face meeting with Frates, at which Whitson and Leeds were present, to discuss Swain's mishandling of the mail. Plaintiff further alleges that Whitson and Leeds refused to correct the situation.

Liberally construed, these allegations present a cognizable claim for the violation of Plaintiff's constitutional right to send and receive mail under the First Amendment (Tenth Cause of Action). Plaintiff does not, however, state a cognizable claim for retaliation. *See* Section II.A, *supra*. Therefore, all other claims against Defendants Chacon, Frates, Leeds, and Whitson are DISMISSED WITH PREJUDICE.

### F.  Claim Regarding Administrative Appeals

In the June 8, 2004 order dismissing the complaint with leave to amend, the Court

1  dismissed the claim against Nan Grannis without leave to amend, and dismissed Grannis
2  from the action.  The claims against Grannis alleged in the Amended Complaint
3  pertaining to due process violations in the denial of his grievance are therefore
4  DISMISSED WITH PREJUDICE. *See* Am. Compl., ¶¶ 67-68, 83-90.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff has presented cognizable claims against Defendants Swain, Chacon, Frates, Leeds, and Whitson for violation of Plaintiff's right to send and receive mail.  Service of the complaint on these Defendants is hereby STAYED until either the Court has reviewed the second amended complaint or Plaintiff informs the Court that he does not intend to amend.  If Plaintiff fails to timely amend his complaint, or if the amended claims are dismissed after review, the herein cognizable claims will be served.

2. The Amended Complaint is DISMISSED WITH LEAVE TO AMEND as to Plaintiff's claims for violation of his right of access to the courts.  Plaintiff may file a second amended complaint within ***thirty days from the date of this order***.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED SECOND AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of those claims without prejudice.  Plaintiff is advised that the second amended complaint will supersede the original and amended complaints and all other pleadings.  Claims and Defendants not included in the amended complaint will not be considered by the Court.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3. All other claims are DISMISSED WITH PREJUDICE, namely, Plaintiff's claims for retaliation and due process violations.

4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

| | |
|---|---|
| 1 | timely fashion. Failure to do so may result in the dismissal of this action under Federal |
| 2 | Rule of Civil Procedure 41(b). |
| 3 |       IT IS SO ORDERED. |
| 4 | DATED: November 2, 2005 |

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

<s>5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28</s>