IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>H. SWAIN, ET AL.,<br><br>    Defendants.<br>_____ | No. C 04-0536 JSW (PR)<br><br>**ORDER OF DISMISSAL BASED ON DEATH OF PLAINTIFF** |

    Plaintiff Larry D. Davis, a former state prisoner, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at San Quentin State Prison (SQSP). On November 2, 2005, this Court dismissed certain claims with leave to amend within thirty days and stayed service of the other claims until an amended complaint was filed (docket no. 8).

    Plaintiff has three pending claims before this Court under Case Nos. C 03-4412 JSW (PR); C 04-0536 JSW (PR); and C 04-0780 JSW (PR). In an order dated March 3, 2006 on Case No. C 03-4412 JSW (PR), this Court granted summary judgment in favor of Defendants (docket no. 29). Thereafter, the Court's order sent to Plaintiff was returned to sender with a notation that the order was undeliverable, due to the apparent death of Plaintiff. After orders of this Court directing Defendants' counsel on that matter to file and serve a statement of fact of death on Plaintiff's "representative or successor" (docket nos. 32, 33, Case No. C 03-4412 JSW (PR)), the Court was apprised that Plaintiff had died and that Defendants' counsel had been unable to locate and serve

1  Plaintiff's widow, Leticia Maria Hernandez (docket nos. 34, 35, Case No. C 03-4412
2  JSW (PR)).  The Court takes judicial notice of those orders regarding the death of
3  Plaintiff.
4      When a party dies and the claim is not extinguished by applicable substantive law,
5  the court may order substitution of the deceased party with the proper legal
6  representative.  Fed. R. Civ. P. 25(a)(1); *Hilao v. Estate of Marcos*, 103 F3d 762, 766 (9th
7  Cir. 1996).  Any party to the action or the deceased party's successors may file a
8  "statement of fact of death" of the deceased party.  The statement is served and filed in
9  the same manner as a motion generally.  *Barlow v. Ground*, 39 F3d 231, 233 (9th Cir.
10 1994).  The filing of the "statement of fact of death" commences the running of a 90 day
11 limitations period for substitution of the deceased party.
12     However, when no such successor or representative has been identified and the
13 Plaintiff is deceased, the Court will not keep this matter open.  As such, Plaintiff's
14 complaint is dismissed.  The Clerk shall enter judgment and close the file.
15     IT IS SO ORDERED.
16 DATED: July 25, 2006

                                JEFFREY S. WHITE
                                United States District Judge